UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Terry Nelson and Clark Anderson as Trustees of the District Council 82 Painting Industry Pension Fund f/k/a the Minneapolis Painting Industry Pension Fund and the St. Paul Painting Industry Pension Fund and their successors,<br><br>    Plaintiffs,<br><br>vs.<br><br>MooreKraft Painting and Decorating, Russell M. Moore, and Jeffrey R. Moore,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT** |

_____

Plaintiffs, for their Complaint against Defendants, state and allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a), to enforce the provisions of an employee benefits plan and to collect withdrawal liability, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. The Fund re-alleges and incorporates by reference paragraph 1 herein.

3. This Court has jurisdiction over this action pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

4. Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the District Council 82

Painting Industry Pension Fund f/k/a the Minneapolis Painting Industry Pension Fund and the St. Paul Painting Industry Pension Fund is administered in the District of Minnesota at 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

## **IDENTITY OF THE PARTIES**

5. The Fund re-alleges and incorporates by reference paragraphs 1-4 herein.

6. The Minneapolis Painting Industry Pension Fund was a trust fund established on July 14, 1970 for the purpose of creating a multiemployer, defined benefit pension plan, holding the assets of that plan, and providing benefits accrued by participants working under the terms of various collective bargaining agreements by and between District Council #82 of the International Union of Painters and Allied Trades and one or more employer associations.

7. The Minneapolis Painting Industry Pension Fund was a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with the District Council #82 of the International Union of Painters and Allied Trades and employers that contribute to the Fund.  The Minneapolis Painting Industry Pension Fund was established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

8. The St. Paul Painting Industry Pension Fund was a trust fund established on October 27, 1969, also for the purpose of creating a multiemployer, defined benefit pension plan, holding the assets of that plan, and providing benefits accrued by participants working under the terms of various collective bargaining agreements by and between District Council #82 of the International Union of Painters and Allied Trades

and one or more employer associations.

9. The St. Paul Painting Industry Pension Fund was a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with the District Council #82 of the International Union of Painters and Allied Trades and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

10. On May 1, 2017, the Minneapolis Painting Industry Pension Fund merged into the St. Paul Painting Industry Pension Fund. Following the merger, the St. Paul Painting Industry Pension Fund's name was changed to the District Council 82 Painting Industry Pension Plan ("Plan").

11. The Plan is a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with the District Council #82 of the International Union of Painters and Allied Trades and employers that contribute to the Plan. The Plan is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

12. The Board of Trustees of the Plan is the plan sponsor. The Plan is an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The Plan is established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

13. The Plan is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is authorized to commence this action under Section

502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

14. Plaintiffs Terry Nelson and Clark Anderson are Trustees and fiduciaries of the Plan within the meaning of Section 3(21) (A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

15. Defendant MooreKraft Painting and Decorating was a Minnesota general partnership identified by the Minnesota Secretary of State as an assumed name of partners Russell M. Moore, Jeffrey R. Moore, and David S. Langton, with a principal place of business address of 1058 Island Lake Avenue, Shoreview, MN 55321. Defendants MooreKraft Painting and Decorating, Russell M. Moore, and Jeffrey R. Moore are each employers within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

16. On December 30, 2010, David S. Langton transferred all rights and title to his partnership interest in MooreKraft Painting and Decorating to Russell M. Moore and Jeffrey R. Moore.

## **FACTS**

17. The Fund re-alleges and incorporates by reference paragraphs 1-16 herein.

18. In 1998, Defendants became bound to the terms of a series of collective bargaining agreements negotiated between the Minnesota Painting and Wallcovering Employers Association and the International Union of Painters and Allied Trades District Council No. 82 and the ("CBAs").

19. On February 25, 2017, Defendants general partner Jeffrey R. Moore and general partner Russell M. Moore, on behalf of MooreKraft Painting and Decorating, served a notice on the International Union of Painters and Allied Trades District Council #82 ("Union") unilaterally repudiating the CBA then in effect.

20. The Union accepted Defendants' contract repudiation. Accordingly, Defendants remained bound to the CBAs until February 25, 2016.

21. The CBAs required Defendants to submit monthly contributions to the Plan for each hour worked by its employees covered by the CBAs and on behalf of its owner operators.

22. Defendants permanently withdrew from the Fund during the Plan Year ending December 31, 2016.

23. By letter dated August 12, 2019, the Fund served Defendants with an assessment of withdrawal liability by certified mail.

24. Pursuant to the assessment of withdrawal liability, Defendants were assessed withdrawal liability for the Minneapolis Painting Industry Pension Fund in the amount of $181,639.00 to be paid in 25 quarterly installments plus one final payment commencing on October 11, 2019, as well for the St. Paul Industry Pension Fund in the amount of $218,667.00 to be paid in 19 quarterly installments plus one final payment commencing on October 11, 2019.

25. Following receipt of the withdrawal liability assessment, Defendants, by and through counsel requested reconsideration.

26. To date, Defendants have failed to make any assessed withdrawal liability payments.

## COUNT I
## WITHDRAWAL LIABLITY

27. The Fund re-alleges and incorporates by reference paragraphs 1-26 herein.

28. The permanent cessation of Defendants' obligation to contribute to the Fund constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. § 1383(a)(1).

29. Following the withdrawal from the Fund, Defendants continued performing work covered by the CBAs.

30. Accordingly, by completely withdrawing from the Fund and continuing to perform work covered by the CBAs, Defendants incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

31. As a result of Defendants' failure to make any quarterly payments, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399, $400,306.00, together with accrued interest, is now due and owing to the Fund.

## COUNT II
### Controlled Group Liability

32. The Fund re-alleges and incorporates by reference paragraphs 1-31 herein.

33. Defendants MooreKraft Painting and Decorating, Russell M. Moore, and Jeffrey R. Moore are all trades or businesses, whose primary purpose was/is for income and/or profit.

34. Upon information and belief, at the time that Defendants ceased having an obligation to contribute to the Fund, Defendants MooreKraft Painting and Decorating

was a general partnership between Russell M. Moore, and Jeffrey R. Moore, and as such, MooreKraft Painting and Decorating, Russell M. Moore, and Jeffrey R. Moore were under common control.

35. Defendants form a control group as defined by ERISA Section 4001(b)(1), 29 U.S.C. § 1301 and as such, should be treated as a single employer.

## COUNT III
### Interest, Attorneys' Fees and Costs, and Liquidated Damages

36. The Fund re-alleges and incorporates by reference paragraphs 1-35 herein.

37. ERISA §4301(b), 29 U.S.C. §1451(b) provides that any failure of an employer to pay withdrawal liability or to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145.

38. As such, the Fund is entitled to an award of liquidated damages in the amount of ten percent of the unpaid withdrawal liability and interest on the unpaid withdrawal liability or double interest, and attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment in favor of the Plaintiffs and against Defendants in the amount of $400,306.00 plus interest, attorneys' fees and costs, and liquidated damages, jointly and severally, as follows:

1. A judgment in the amount of $400,306.00 for Defendants' withdrawal liability.

2. For judgment for the liquidated damages and interest charges attributable to the withdrawal liability or for double interest.

3.  For an award of costs, disbursements and attorneys' fees.

4.  For such other and future relief as the Court deems proper.

Date: July 1, 2020

McGRANN SHEA CARNIVAL STRAUGHN & LAMB, CHARTERED

By   s/ Amy L. Court
Carl S. Wosmek (Atty. No. 300731)
Amy L. Court (Atty. No. 319004)
Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall
Suite 2600
Minneapolis, MN 55402-7035
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorneys for Plaintiffs*

1246450.DOCX